Newman, J.
Counsel for the relator, in support of their contention that the mayor of the city of Norwalk had no jurisdiction upon a plea of guilty to sentence the relator to imprisonment in the workhouse, rely upon the provisions of Section 13510, General Code. It is there provided that where a person accused of a misdemeanor is brought before a magistrate, and the complaint is not made by the party injured, and the person accused pleads guilty, the magistrate shall require the person so accused to enter into a recognizance to appear at the proper court as is provided when *522 ■there is no plea of guilty. This section prescribes specifically the proceedings of a magistrate upon a plea of guilty, -while the following Section (13511) relates to the proceeding to be had where there is a plea of not guilty.
These two sections were construed by this court in Hanaghan v. The State, 51 Ohio St., 24, and it is claimed that the holding in that case is decisive of the question presented here. In the Hanaghan case the accused filed a written plea of guilty with the justice of the peace, who sentenced him to imprisonment in the workhouse. The affidavit upon which the warrant had been issued was filed by a party who did not appear to have been injured otherwise than as a member of the community. The holding of the court was that “the party injured,” as that phrase is used in Section 13510, means the person who suffers some particular injury from the commission of the misdemeanor, as distinguished from that which results to the public, or local community where it is committed. It was further held that a plea of guilty of such offense, though filed in writing with the magistrate, is not a waiver by the accused of his right to a trial by jury, and a submission to be tried by the magistrate, within the purview of Section 13511; and in such case, unless the complaint was filed by the party injured, it is the duty of the magistrate to recognize the accused to the proper court.
In the instant case, the relator was charged with a misdemeanor on the complaint of the chief of police of the city of Norwalk, who was not, according to the holding of this court, the party injured. *523 If the prosecution had been before a justice of the peace the position taken by counsel would be tenable. But this proceeding was before the mayor of a city having no police court, and the jurisdiction of such mayor is conferred by Section 4527 et seq., General Code.' The sections pertinent to the inquiry here are as follows:
“Sec. 4527. In cities, not having a police court, the mayor shall have final jurisdiction to hear and determine any prosecution for the violation Of an ordinance of the corporation, unless imprisonment is prescribed as part of the punishment.
“Sec. 4528. He shall have final jurisdiction to hear and determine any prosecution for a misdemeanor, unless the accused is, by the constitution, entitled to a trial by jury, and his jurisdiction in such cases shall be co-extensive with the county.”
“Sec. 4530. He shall have such jurisdiction in the cases mentioned in the last two sections, notwithstanding the right to a jury, if before the commencement of the trial, the accused waives a' jury trial.
“Sec. 4531. If the charge is the violation of an ordinance in a matter with respect to which imprisonment may be a part of the punishment, and the accused does not waive a jury, the mayor shall, nevertheless, impanel a jury, and try the case on the affidavit, in the same manner, and with like effect, as misdemeanors are tried in the court of common pleas on indictment.
“Sec. 4532. If the charge is the commission of a misdemeanor, prosecuted in the name of the state, and the accused, being entitled to a jury, does not *524 waive the right, the mayor may, nevertheless, impanel a jury, and try the case on the affidavit, in the same manner, and with like effect, as such cases are tried in the court of common pleas on the indictment.”
It is to be noted that in Section 4530 the phrase “last two sections” is used. This unquestionably refers to Sections 4527 and 4528. These three sections were originally Sections 1816, 1817 and 1818, Revised Statutes. Subsequent to their enactment there was enacted Section 1817a, Revised Statutes (now Section 4529, General Code), which provides that neither the clerk of a mayor’s court, nor his deputy, shall be concerned in a prosecution or defense in a case in that court. It is apparent that no reference to this section was intended, but for some reason the phrase “last two sections” was not changed in Section 4530.
In State v. Borham, 72 Ohio St., 358, it was held that by force of Section 1817, Revised Statutes (now Section 4528, General Code), a mayor of a city in which there is no police court, has final jurisdiction to hear and determine any prosecution for a misdemeanor where the accused is not entitled to a trial by jury, and it is not the mayor’s duty, in such case, to require the accused to enter into recognizance to appear in a higher court, although the complaint is not made by the party injured. The contention was made in that case that if Section 4528 were to be construed as giving mayors jurisdiction in prosecutions for misdemeanors to render final judgment where there is a plea of guilty and the complaint is not made by *525 the party injured, it would render nugatory as to one class of magistrates the provisions of Section 13510. In the opinion in the Borham case it is said that while in the broad sense a mayor is a magistrate, and the language used in Section 4528 is at war with the text of Section 13510, yet the general assembly had before it the provisions of the latter section when it enacted Section 4528, and the court was constrained to the conclusion that the latter section was intended by the general assembly as an exception to the general provisions of Section 13510.
But it is claimed by counsel that the Borham case differs from the case at ‘bar in that, in the former, imprisonment was no part of the sentence, and that therefore that case has no application here. We cannot agree with counsel. In the Borham case the decision of the court was not based upon the ground that imprisonment was not a part of the punishment. The contention in that case was that Section 13510 controlled the proceeding, the provisions of that section imposing upon the magistrate the duty of requiring the accused to enter into a recognizance to appear at the proper court, where the complaint is not made by the party injured. This duty devolves upon the magistrate whether imprisonment is a part of the punishment or is not. We think the reasoning in the Borham case which led to the conclusion that Section 4528 was an exception to the general provisions of Section 13510 applies with equal force to Section 4530, and that the proceeding before the mayor in this *526 case was controlled by the provisions of that section, and that Section 13510 does not apply.
It is said by counsel for the relator that the answer filed in the habeas corpus proceeding claimed no special jurisdiction in the mayor of Norwalk and is silent as to whether or not that city has or does not have a polic'e court. No claim is made that as a matter of fact it does not have a police court. The court of appeals disposed of this branch of the case by holding that the courts of this state will take judicial knowledge of its statutory laws and the population of its cities and that it was therefore in the knowledge of the court that the city of Norwalk did not have a police court. But even if this were not true the relator was challenging the jurisdiction of the mayor. The presumption is that he was acting according to law. If his jurisdiction was that of a mayor of a city having a police judge, the burden of establishing that fact devolved upon the relator.
Another contention of the relator is that it does not appear in the commitment that there was a waiver of a trial by jury. There is no provision in any of the sections relating to the duties of the mayor which requires the waiver of a jury in writing, even under a plea of not guilty, as is the case in a proceeding under Section 13511. Under the provisions of Section 4530, the mayor has jurisdiction in cases where there is a right to a trial by jury, if before the commencement of the trial the accused waives a jury. It is to be noted that Section 4532 provides that where the charge is the commission of a misdemeanor, prosecuted in the *527 name of the state, and the accused, being entitled to a jury, does not waive the right, the mayor may, nevertheless, impanel a jury, and try the case on the affidavit, in the same manner, and with like effect, as such cases are tried in the court of common pleas on the indictment. It will be seen that the jurisdiction of the mayor in these matters is very broad. It seems to be well settled that a plea of guilty is a confession of guilt and is equivalent to conviction, and the court may at once pronounce sentence, unless of course it is precluded from doing so by. some express provision of the statute such as is found in Section 13510, where the complaint is by a person other than the one injured. But, as we have seen, there is no provision of this kind in any of the statutes which have to do with the jurisdiction of a mayor, and the course to be pursued by him is the same as that followed by the court of common pleas in a criminal case. What was said by the court in Carper v. The State, 27 Ohio St., 572, 577, is in point here: “A defendant, after a trial and verdict of guilty, may move the court for a new trial, for any of the causes specified in the code. One who has plead guilty has waived a trial, and can not make such a motion. It would be idle, therefore, to ask the question to one who by his plea has waived the right to avail himself of all matters that might arise on a motion for a new trial.” We think, then, that the relator waived his right to a trial by jury when he entered a plea of guilty, and that the mayor had full power to pronounce sentence.
*528 But it is urged finally that even though the mayor did have jurisdiction under a plea of guilty to pronounce sentence, the court of appeals, instead of entering final judgment and remanding relator to the custody of defendant in error, should have remanded the cause to the probate court with instructions to that court to hear evidence and determine the issue made by the petition and answer as to whether or not the plea of guilty was entered falsely upon the docket of the mayor.
Section 12165, General Code, provides that if it appears that the person alleged to have been restrained of his liberty is in custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment or make the order, the writ of habeas corpus shall not be allowed. It is well settled that if a court has sentenced a person for an offense over which by law it had no jurisdiction whatever, the imprisonment following such sentence would be unlawful and such person would be entitled to be discharged on habeas corpus. But habeas corpus is not the proper mode of redress where the relator has been convicted of a criminal offense and sentenced to imprisonment therefor by a court of competent jurisdiction. If errors or irregularities have occurred in the proceeding or sentence, a writ of error is the proper proceeding. (Ex parte Van Hagan, 25 Ohio St., 426; Ex parte Shaw, 7 Ohio St., 81, and In re Allen, 91 Ohio St., 315.) As we have seen, the mayor of a city not having a police *529 court, has jurisdiction to entertain a complaint charging a person with operating an automobile upon a street of a city while in a state of intoxication, and has jurisdiction to issue the warrant, to receive the plea of the person accused, and to pronounce sentence. In the instant case it appears from the commitment that the relator plead guilty to the charge. In his petition the relator challenges the correctness of this entry upon the docket of the mayor. The record of the mayor, as evidenced by the copy of the commitment, is determinative of what was done. If in the exercise of his jurisdiction the mayor committed an error or an irregularity the same cannot be corrected in a habeas corpus proceeding. The issue which relator claims should be determined by the probate court was not properly in the case, and, for that reason, without considering the other reasons advanced by counsel for defendant in error, the court of appeals was correct in not remanding the cause to the probate court.
We find no error in the judgment of the court of appeals and the same is therefore affirmed.

Judgment affirmed.

Nichols, C. J., Wanamaker, Jones, Matthias, Johnson and Donahue, JJ., concur.